UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. JONES, #424557

        Plaintiff,                      Civil Action No. 04-CV-73720
                                               District Judge Avern Cohn
                                               Magistrate Judge R. Steven Whalen

v.

JOHN RUBITSCHUN, et.al.


        Defendants.

_____/

### REPORT AND RECOMMENDATION

Plaintiff Michael A. Jones, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), has filed a pro se Complaint pursuant to 42 U.S.C. §1983, alleging violations of his Fourteenth Amendment due process and equal protection rights and his First Amendment right of access to the courts. Before this Court is Defendants' motion to dismiss [Docket #11], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). I recommend that Defendants' motion be GRANTED, and the Complaint dismissed with prejudice.

        **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is serving a sentence of two to five years for attempted criminal sexual

conduct, and concurrent one-year sentences from three counts of misdemeanor indecent exposure. He was sentenced on all charges on September 23, 2002.

On April 30, 2004, the MDOC prepared a parole guidelines worksheet for Plaintiff which scored him a "high probability" of parole. Under M.C.L. §791.233e(6), the parole board may depart from such parole guideline by denying parole only "for substantial and compelling reasons stated in writing." On July 28, 2004, Defendants Rubitschun and McNutt, members of the Michigan parole board, voted to deny parole, setting forth the following "substantial and compelling reasons" for departure:

> "Despite completion of therapy, P is still viewed as a risk. He has multiple sexual deviant situations around minors. His sexual deviant behavior is complicated with a substance abuse problem. Continuance is warranted."

In his Complaint, Plaintiff challenges the denial of parole on the following grounds:

1. Violation of equal protection in that Plaintiff is a "class of one," and other inmates with a "high probability of parole" were in fact paroled. In addition the Michigan statute that gives prosecutors and crime victims, but not inmates, the right to appeal parole board decisions violates equal protection.

2. The denial of parole was based on inaccurate information and was done in violation of Michigan parole statutes and regulations, resulting in a denial of Fourteenth Amendment procedural due process.

3. The statute which precludes inmates from appealing adverse parole decisions violates the First Amendment right to access to the courts.

Plaintiff seeks declaratory and injunctive relief.

Defendants move for dismissal under Fed.R.Civ.P. 12(b)(6), arguing that there is no liberty interest in parole which would bring the Fourteenth Amendment into play, and that Plaintiff has no constitutionally protected right to appeal an adverse parole decision.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III.   ANALYSIS

Plaintiff claims that he was denied equal protection because he was denied parole, while other similarly situated inmates were granted parole. The Equal Protection Clause of the Fourteenth Amendment states that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S.C.A. Const. Amend. XIV § 1.

"The states cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated

without any rational basis for the difference." *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005); *Vacco v. Quill,* 521 U.S. 793, 799, 117 S.Ct. 2293, 138 L.Ed.2d 834 (1997).  The Equal Protection clause "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly." *Id.*; *Vacco*, at 521 U.S. at 799. "In order for Plaintiff's claim to survive Defendants' motion, Plaintiff had to allege that he was denied equal protection of the law based upon an unjustifiable standard such as race, religion, or other arbitrary classification . . . . [A] person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999).

Prison inmates do not constitute a suspect class for equal protection purposes, nor is parole a fundamental right. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Further, Plaintiff has not articulated or supported, by affidavits or otherwise, how he was similarly situated in all material respects to those individuals who were granted parole. "[C]ourts will not look with favor on complaints which, trading on mere conclusory charges, fail to set out the specifics of a tenable claim." *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506 (1st Cir. 1987).  Plaintiff's "class of one" argument is in reality nothing more than a claim that he was treated unfairly as an individual, and therefore he fails to state a valid equal protection claim. *Bass, supra*.

Plaintiff also alleges that the Defendants' failure to follow certain statutory parole procedures and regulations violated his procedural due process rights under the

-4-

Fourteenth Amendment, and that the statutory scheme set forth in MCL §791.234 violates his Fourteenth Amendment right to equal protection by allowing prosecutors and crime victims to appeal an unfavorable parole decision but denying the same right to prisoners. *Complaint* at 2. In addition, he claims that the statute denies him the First Amendment right of access to the courts. *Id.* Plaintiff cites *Hewitt v. Helms,* 459 U.S. 460, 469; 103 S. Ct. 864, 870 (1983), arguing that the "mandatory" language of the statute creates a liberty interest in Michigan's parole proceedings. *Plaintiff's Answer to Defendants' Motion for a Protective Order* at 2 [Docket #14].

Plaintiff's argument that the mandatory language of MCL § 791.234 creates a liberty interest has been rejected by the Sixth Circuit. Adopting the Supreme Court's decision in *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), this Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown*  27 F.3d 1162, 1164 -1165 (6th Cir. 1994). The *Sweeton* court also found that as "long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." *Id.*; *Olim,* 461 U.S. at 249, 103 S.Ct. at 1747. "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom*  149 F.Supp.2d 319, 322 (E.D.Mich. 2001) (internal citations omitted). "The Michigan parole statute does not create a right to be paroled." *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119

Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982).  *See also Foster-Bey v. Rubitschun* 2005 WL 2010181, 6 (E.D.Mich. August 18, 2005) (noting that the Sixth Circuit has found that a liberty interest does not exist in parole).

The *Sweeton* court, noting that "the doctrine of federalism . . . discourages constitutionalizing state regulatory procedures," found that improperly interpreting state statutes to create liberty interests would "discourage[] [states] from laying down reasonable and useful rules to govern the conduct of their own affairs for fear that those rules would subject them to jurisdiction and penalties in federal courts." *Sweeton,* 27 F.3d  at 1165.[1]

Similarly, Plaintiff's argument that MCL §791.234(9), which allows prosecutors but not prisoners to appeal parole board decisions, violates his First Amendment right to access to the courts and his Fourteenth Amendment right to equal protection, has been rejected by the Sixth Circuit. The court in *Jackson v. Jamrog,*  411 F.3d 615, 618 (6th Cir. 2005), cited the holding of the Michigan Court of Appeals in *Morales v. Mich. Parole*

---

[1] Plaintiff relies in part upon *Mackey v. Dyke,* 29 F. 3d 1086, 1092 (6th Cir. 1994), and *Hewitt v. Helms,* 459 U.S. 460, 469; 103 S. Ct. 864, 870 (1983) which found that the "mandatory nature" of  a state statute created a liberty interest.  However, subsequent to the Sixth Circuit's remand of *Mackey*, the Supreme Court issued *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), which curtailed the ability to infer liberty interests in prison regulations.  Accordingly, when the Sixth Circuit revisited the same question in 1997, it upheld a summary judgment for the defendants "in light of superseding Supreme Court precedent." *Mackey v. Dyke,*  111 F.3d 460, 461 (6th Cir. 1997).  Further, even if this Court were to apply a pre-*Sandin* analysis to Plaintiff's argument, his due process claims would likely fail to survive summary judgment, since the parole board appears to have followed the statutory mandates of supplying him with a written explanation for the denial of parole.

*Bd.,* 260 Mich.App. 29, 676 N.W.2d 221, 225 (2003), *app. for leave to appeal denied,* 470 Mich. 885, 682 N.W.2d 90 (Table) (2004), which stated that "an appeal from the denial of parole is not allowed under the Act." Among the reasons the court cited for upholding the Michigan statute on equal protection grounds were the difference between the previous success rates of prosecutors and prisoners appealing parole board decisions (twenty-five percent and four percent respectively) and the number of appeals filed by prosecutors and prisoners in a four year period (prosecutors filed seventy-nine, while prisoners filed thirty-eight hundred). The court held that "differentiating between prisoners and non-prisoners has a rational basis because prisoner claims have inundated the judicial system in a manner that non-prisoners have not" and that "the amendment to § 791.234(9) is rationally related to the legitimate state goal of eliminating frivolous lawsuits filed by prisoners." *Jackson,* 411 F.3d at 620 (internal citations omitted).

As to the First Amendment challenge, the *Jackson* court commented that although prisoners hold a fundamental right of access to the courts, such a right is not unlimited, *Id.*; *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), noting additionally that "an inmate who is denied parole may, under certain circumstances, test the ruling of the parole board by means of "a complaint for habeas corpus" ('where for example the Parole Board has denied a prisoner parole exclusively on the basis of his race, religion, or national origin') or by means of 'an action for mandamus' ('to compel compliance with a statutory duty'). *Jackson,* 411 F.3d at 619; *Morales,* 676 N.W.2d at 229-30.

In closing, this Court shares the Sixth Circuit's concern that the "legislature's answer to the problem of groundless prisoner lawsuits sweeps away the meritorious along with the frivolous." *Jackson,* 411 F.3d at 620.  However, in the present case, as noted above, while Plaintiff's concerns are not wholly frivolous, it appears that his factual allegations – left mostly untouched in this report - could withstand neither a summary judgment motion nor state court review, if that were permitted. *See* fn. 1, *supra*.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' motion to dismiss [Docket #11] be GRANTED, and that the Complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty

(20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                              S/R. Steven Whalen
                              R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE

Dated: September 7, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 7, 2005.

                              S/Susan Jefferson
                              Case Manager